NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0097n.06

No. 20-1920

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | **FILED** |
| | ) | Feb 19, 2021 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| LUIS ARAÑA, | ) | STATES DISTRICT COURT FOR THE |
| Defendant-Appellant. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |

Before: GILMAN, GIBBONS, and SUTTON, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Luis Araña was sentenced to life in prison in 1999 after being found guilty at trial of drug trafficking and aiding and abetting a murder for hire plot related to his trafficking. This court affirmed his conviction. *United States v. Reyes*, 51 F. App'x 488, 490−91 (6th Cir. 2002) (per curiam). Araña, now 68 years old, petitioned for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied his petition, finding that the § 3553(a) factors did not support his release, and we affirm.

**I.**

Araña was sentenced to four concurrent terms of life in prison for his involvement in a drug-trafficking ring that distributed significant amounts of cocaine from Miami to Detroit, and for paying an associate to murder Gil Debasa, who Araña claimed owed him money. *Reyes*, 51 F. App'x at 490−91. Including his pretrial detention, Araña has spent twenty-four years in prison and now moves for compassionate release under § 3582(c)(1)(A)(i).

Araña first requested release in October 2019, citing his serious medical conditions. Araña suffered "an attack of acute pancreatitis requiring emergency surgery" in September 2019,

which has left him confined to a wheelchair and causes numerous related conditions. DE842, Mot. for Compassionate Release, Page ID 631, 637–38. He also described the significant progress that he has made while incarcerated, including completing his GED and numerous additional courses and paying off his financial obligations. The warden at FCI (Federal Correctional Institution) Victorville, where Araña has been incarcerated for the past ten years, supported his request for release, a rarity in and of itself, but the BOP denied his request, as did the district court. The district court reasoned that, although Araña's medical conditions may well constitute "extraordinary and compelling circumstances" under § 3582(c), and even the government conceded that Araña posed little danger to the public if released, the § 3553(a) factors nonetheless counseled against release. Particularly relevant for purposes of this appeal is the court's discussion of the § 3553(a) factors. These factors include

> (1) the nature and circumstances of Araña's offenses and personal history, (2) the need to promote respect for the law, deter future crimes, provide for Araña's rehabilitation, and protect the public, and (3) the need to avoid unwarranted sentence disparities among defendants with similar records.

DE849, Order, Page ID 708 (citing 18 U.S.C. § 3553(a)). The court examined these factors in detail. As to the first cited factor, it reasoned that the extended period of Araña's criminal activity (at least 1989 to 1996) and the seriousness of his crimes weighed against release, while his "strong relationships with his children," and his "clear conduct" in prison weighed in favor. *Id.* at 709 (quoting DE842, Mot. for Compassionate Release, Page ID 633, 643). As to the second, the court considered the fact that, at the time when it issued its decision, Araña had "never taken any responsibility or expressed any remorse for his conduct." *Id.* As to the third, the court looked to other cases in which an elderly or ill defendant serving a life sentence had requested compassionate release and determined that cases involving murder generally had not ended with the defendant being released. The court distinguished the cases where the motions had been granted. In one, the defendant had a life expectancy of less than one year. *United States v. Wong Chi Fai*, No. 93-CR-1340, 2019 WL 3428504, at *1 (E.D.N.Y. July 30, 2019). In another, the defendant had spent much of his sentence suffering from serious illness, meaning that "further incarceration in his

condition would be greater than necessary to serve the purposes of punishment[.]" *United States v. McGraw*, No. 02-cr-00018, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019). In the third cited case where the defendant was released, the defendant had not even engaged in any crime of violence, while Araña has. *United States v. Mondaca*, No. 89-CR-0655, 2020 WL 1029024, at *4 (S.D. Cal. Mar. 3, 2020). Reasoning that none of these circumstances applied to Araña, the court determined that denying Araña's motion would not create unwarranted sentencing disparities. Finally, the court noted that since Araña had filed the motion, COVID-19 had broken out throughout the United States, putting those in custody at risk, but that at that time his facility had no positive cases.

In August 2020, Araña filed a renewed motion for compassionate release. This new motion included updates to Araña's health condition: the accumulation of fluid in his abdomen and lungs. He argued that these health problems, along with COVID-19, constituted an extraordinary and compelling circumstance justifying his release, that his release would be consistent with the Sentencing Commission's policy statements, and that the § 3553(a) factors weighed in favor of his release. Araña stated that, at the time of filing, 116 federal prisoners had died from COVID-19, and that he faced "dire risks" if his motion was not granted. DE850, Renewed Mot., Page ID 730, 732. Along with this motion, Araña submitted documents intended to demonstrate his acceptance of responsibility. These were a letter from his daughter stating that he "has always expressed if he can go back to time he would take the deal," DE850-8, Issa Madrozo Ltr., Page ID 748, and a letter that he himself wrote in Spanish, which was subsequently translated to English, and which stated that "each day that passes has made [him] reconsider and analyze [his] actions and the consequences that they brought [him]," DE 857-2, Translated Araña Ltr., Page ID 830. His letter also noted that he has "had to learn [his] lesson and accept the responsibility that [his] actions caused," and included an apology. *Id.*

The district court again denied his motion, holding that the new developments did not "significantly change the compassionate-release calculus." DE858, Order, Page ID 843. First, the court examined the high levels of COVID-19 infections at FCI Victorville, and the fact that Araña

himself had tested positive (though he remained asymptomatic). Determining that science was unclear as to the risk of reinfection of COVID-19, the court did not believe his contraction of the virus constituted a significant deterioration of Araña's health. Second, the court determined that the excess fluid in his abdomen and lungs did not present a significant change in his health condition, because the condition "was similar to his hospitalization in 2019." *Id.* at Page ID 834. Finally, the court examined several new cases that Araña cited in which "defendants convicted of similar offenses [were] granted compassionate release" during the coronavirus pandemic. *Id.* The court distinguished them, noting that the § 3553(a) analysis is "very defendant specific." *Id.* at Page ID 835.

**II.**

We review a denial of compassionate release for abuse of discretion. *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). This standard "requires district courts to supply specific factual reasons for their compassionate release decisions." *Id.* at 1101–02. Abuse of discretion is a deferential standard, and it "occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012).

To grant an inmate-filed motion for a sentence reduction under § 3582(c)(1)(A)(i), the district court first "must 'find[]' . . . whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Jones*, 980 F.3d at 1107–08 (quotations omitted). Second, and only after determining that an extraordinary and compelling reason exists, the court "consider[s] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101. But "district courts may deny compassionate-release motions when any of the … prerequisites listed in the § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir.

2021); *see also United States v. Navarro,* __F.3d __, No. 20-5640, 2021 WL 287756, at *2 (6th Cir. Jan. 28, 2021).

Araña clearly has serious health problems. Whether those problems constitute extraordinary and compelling reasons to warrant a sentence reduction is open to debate. But we need not resolve that question because the district court went on to apply the §3553(a) factors and determined that they did not support his early release. *See Elias*, 984 F.3d at 519. Araña argues on appeal that the district court abused its discretion in finding that the § 3553(a) factors counseled against his early release and in relying on the erroneous fact that Araña did not accept responsibility. Because we find that the district court did not abuse its discretion, we affirm.

First, Araña argues that the court "did not tie its analysis to the § 3553(a) factors in a meaningful way." CA6 R.7, Appellant's Br., at 21. That is simply not correct. Although the district court did not give extensive explanation of its § 3553(a) analysis in its order denying Araña's renewed motion, it clearly incorporated the extensive justifications presented in its order denying his initial motion. This is perfectly acceptable, and this court therefore reviews the district court's § 3553(a) analysis from both its prior and most recent orders. *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 330 (2010); *Pelzer v. Vassalle*, 655 F. App'x 352, 363 (6th Cir. 2016); *Karnofel v. Colvin*, No. 4:14-CV-00135, 2015 WL 4644965, at *1 (N.D. Ohio Aug. 4, 2015). In its prior opinion, the court clearly explained that the severity of Araña's conduct, his failure to accept responsibility as evidenced by his multiple attempts to obtain postconviction relief, and the need to prevent sentencing disparities all led the court to deny his motion. Given this detailed reasoning, "the district court's decision more than adequately explained why the § 3553(a) factors do not support a sentence reduction," *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020), and no abuse of discretion occurred.

Araña also points to cases in other jurisdictions where courts have granted compassionate release. As the government correctly notes, "the district court was not obligated to follow another district court's decision." CA6 R.10, Appellee's Br., at 22. Regardless of this obligation, the court examined the cited cases and found them distinguishable. Because the district court did not rely on erroneous facts or apply the wrong legal standard, it did not abuse its discretion. *Young*, 693 F.3d at 536.

Second, Araña argues that the district court relied on allegedly erroneous the fact that he had not accepted responsibility for his actions. This fact, as relied on by the district court, was not "clearly erroneous." Rather, the district court relied on the following evidence: Araña did not accept a plea deal, he offered no acceptance of responsibility for almost 20 years following his trial, and he had recently filed motions for post-conviction relief before accepting responsibility. While Araña did subsequently file a letter accepting responsibility, the district court did not abuse its discretion in finding this to be insufficient to overcome the almost two decades during which Araña denied guilt. It is worth noting that acceptance of responsibility, although considered during sentencing, is not a standalone § 3553(a) factor appropriate for direct consideration by the district court in determining whether to grant Araña's motion for compassionate release. *See* 18 U.S.C. § 3553(a). But it may, in some cases, be relevant to the enumerated factors. Here, the district court considered this fact as evidence that Araña had not necessarily "turned over a new leaf," and that his sentence was not disparately long compared to his co-defendant because his co-defendant did accept responsibility. DE849, Order, Page ID 709. All in all, it was not an abuse of discretion for the court to find insufficient acceptance of responsibility, with the factor playing a very minor role in the court's overall decision.

Because the district court did not abuse its discretion in denying Araña's motion for compassionate release, we affirm.